UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

CHENNEL M. CARR,

    Plaintiff,

v.                                                          Case No.  5:10-cv-685-Oc-TBS

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.
_____

## ORDER

    Pending before the Court is Plaintiff's Petition for Attorney Fees. (Doc. 26). The Commissioner has filed a response in opposition (Doc. 29), and thus, this matter is ripe for review.

    Plaintiff requests an award of attorney fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 ("EAJA"), in the amount of $6,522.42. The total for attorney fees is confirmed by the schedule of hours attached to Plaintiff's motion. Plaintiff also attached a copy of the fee agreement, which includes Plaintiff's assignment of EAJA fees to her counsel.

    Plaintiff asserts that she is the prevailing party in this litigation and that the Commissioner's position in the underlying action was not substantially justified. Plaintiff also states that her net worth when the proceeding was filed was less than two million dollars.[1] On December 8, 2011, the Court entered an Order reversing and remanding

---

[1] Under the EAJA, a claimant is eligible for an attorney fee award where: (1) the claimant is a prevailing party in a non-tort suit involving the United States; (2) the Government's position was not substantially justified; (3) the claimant filed a timely application for attorney's fees; (4) the claimant had a net worth of less than $2 million at the time the complaint was filed; and (5) there are no special circumstances which would make the award of fees unjust. 28 U.S.C. § 2412(d).

this cause back to the Commissioner for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g). (Doc. 20). On December 9, 2011, the Clerk entered judgment. (Doc. 21). On March 6, 2012, Plaintiff filed this petition for attorneys' fees.

While the Commissioner does not dispute that Plaintiff is entitled to an award of fees, the Commissioner opposes the requested number of hours and contends that the requested award should be reduced.

First, the Commissioner contends that the Court should disregard 2.5 hours of attorney time because it is essentially clerical in nature. Specifically, he identifies seven time entries made by attorney Elizabeth F. Stakenborg. The Court has reviewed the subject time entries and agrees that three of the entries are for clerical tasks that are not compensable as attorney's fees – (1) 0.9 hours on 12/22/10 for creating the summonses; (2) 0.60 hours from 12/27/10-12/30/10 to review court's email confirmations for standard court documents; and (3) 0.30 hours on 2/21/11 to review email confirmations of the filing of the summonses.[2] Accordingly, 1.8 hours of attorney time should be deducted.

Second, the Commissioner argues that the Court should deduct 0.50 hours for the performance of some tasks by paralegal, Archie Blair because the time entries dated 12/17/10, 11/7/11, 11/30/11, 12/1/11, and 12/7/11 were vague and simply stated that he received instructions from attorneys, Stakenborg or Chantal Harrington.[3] Likewise, the Commissioner requests that the Court deduct 0.2 hours of attorney time

---

[2] Mobley v. Apfel, 104 F.Supp.2d 1357, 1360 (M.D. Fla. 2000.)

[3] The Commissioner actually requested a reduction of 0.6 hours and included Mr. Blair's time entry on 4/8/11. However, a review of the timesheet shows that although the entries on that date were vague, Mr. Blair recorded 0 hours.

for similar entries regarding emails sent by attorney Stakenborg to paralegal Blair on 12/17/10 and 12/1/11.[4]  Because these time entries fail to disclose the nature of the communications, the Court will deduct 0.5 hours of paralegal time and 0.2 hours of attorney time.

Finally, the Commissioner takes issue with two time entries of attorney Sarah Bohr. Defendant objects to her entry on 3/7/12 for "[r]eview Bureau of Labor Statistics for cost of living figures for January 2012, compute new cost of living; Revise petition; prepare Memorandum."  The Court finds that this entry is sufficiently itemized, and thus, overrules the Commissioner's objection.   Likewise, the Court declines to reduce attorney Bohr's time entry on 2/12/12 for "[p]repare Petition for Attorney Fees; e-mail draft to U.S. Attorney's office for their review and approval."

After these reductions are made, Plaintiff is entitled to recover attorneys' fees in the amount of $6,065.08[5] and fees for paralegal time in the amount of $67.50.[6]

In light of Plaintiff's assignment of EAJA fees to his counsel, Plaintiff requests (and the Commissioner does not object) that the payment should be made payable to Plaintiff and delivered to Plaintiff's counsel unless Plaintiff owes a federal debt.  If the U.S. Department of the Treasury determines that Plaintiff does not owe a federal debt, the government will accept Plaintiff's assignment of EAJA fees and pay fees directly to Plaintiff's counsel.

---

[4] The Commissioner actually requested a reduction of 0.3 hours and included attorney Stakenborg's time entry on 4/8/11.  However, a review of the timesheet shows no entry on that date for email correspondence with paralegal Blair

[5] Elizabeth Stakenborg: 2010 - 1.4 hours at an hourly rate of $175.06 and 2011- 4.7 hours at an hourly rate of $180.59 for a total of $1,093.85; Chantal Harrington - $4,352.50; and Sarah Bohr - $618.73.

[6] This number is reached by multiplying 0.9 hours at an hourly rate of $75.00.

Based on the foregoing, and upon due consideration, and pursuant to the provisions of the Equal Access to Justice Act (28 U.S.C. §2412(d)), Plaintiff's Petition for Attorney Fees (Doc. 26) is hereby GRANTED to the extent that Plaintiff is awarded attorney's fees in the amount of $6,132.58.  Payment is authorized to Plaintiff's counsel if the Commissioner determines Plaintiff does not owe a debt to the government.

IT IS SO ORDERED.

DONE AND ORDERED in Ocala, Florida, on April 2, 2012.

THOMAS B. SMITH
United States Magistrate Judge

Copies to all Counsel